# EXHIBIT 24

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Civil Division)

| | |
|---|---|
| **MICHAEL SHIELDS** | ) |
| **Plaintiff,** | ) |
| v. | ) CIVIL ACTION NO. MJG 02CV1783 |
| **FEDERAL EXPRESS CORPORATION, AND PATRICK J. QUIRKE** | ) |
| **Defendants.** | ) |

## DECLARATION OF CLINTON L. BARNES

I, Clinton L. Barnes, declare:

1. I have been employed with Federal Express Corporation ("FedEx") in various management capacities since July 1988. I am over the age of 21 and am competent to make this declaration. I have personal knowledge of facts contained herein and, if called to testify, would testify as follows.

2. I was the Senior Manager, Grade level 29, over the BCB station in Herndon, Virginia during the periods of October 1, 1996 through December 31, 1999.

3. I was the Senior Manager, Grade level 29, over the DCA station in Washington, D.C. from January 1, 2000 until October 15, 2001. Managing Director Patrick Quirke became my direct supervisor on July 1, 2000.

4. Mr. Quirke held conference calls and meetings with all of the Senior Managers in the Capital District to discuss performance at the stations in the Capital District nearly daily at times, depending on the needs of the stations.

5. On February 19, 2001, Mr. Quirke, gave me a Performance Evaluation with unsatisfactory ratings in two of the ten categories of performance – productivity and safety performance. My overall Performance Evaluation score was a 3.1, above satisfactory. As a result of the unfavorable ratings in two categories, Mr. Quirke required me to submit a Performance Agreement detailing how I intended to remedy my performance deficiencies in these two areas.

6. On February 27, 2001, I submitted a detailed Performance Agreement to Mr. Quirke, containing a summary of the problem, what I intended to do to fix it, the results that I intended to achieve, and a time table for achieving each result. Mr. Quirke accepted my Performance Agreement. Mr. Quirke had numerous discussions with me during March and April 2001 to follow up on my implementation of the Performance Agreement and to discuss the performance of the DCA station. Although I followed my February 27, 2001 Performance Agreement and the DCA station made slight improvements during March and April 2001, I did not achieve the improvements that Mr. Quirke anticipated. Accordingly, Mr. Quirke required me to submit another Performance Agreement in May 2001, detailing additional steps that I would take to improve productivity and safety at the DCA station. I submitted a second Performance Agreement, again setting out the problem, specific steps that I intended to take to fix the problem, the results that I intended to achieve, and a time table for achieving each result, on May 22, 2001. Mr. Quirke accepted the Performance Agreement.

7. Mr. Quirke had numerous discussions with me during May and June 2001 to follow up on my implementation of the May 22, 2001 Performance Agreement, and to discuss the performance of the DCA station. I failed to achieve all of the results required under my May

2001 Performance Agreement. As a result, Mr. Quirke issued me a Performance Reminder on July 5, 2001.

8.  For personal reasons, I requested that Mr. Quirke allow me to down bid to a Manager position. Mr. Quirke offered me a Manager position at the NYG station in Springfield, Virginia, a Grade level 26 position, and I accepted. The NYG Manager position was a three grade level reduction in pay. I am currently employed as a Manager with FedEx.

I declare under penalty of perjury, pursuant to 26 U.S.C. Section 1746, that the foregoing statements are true and correct.

FURTHER DECLARANT SAITH NOT

EXECUTED at _____ this ____th day of February, 2003.

_____
Clinton L. Barnes

464514