IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Civil Division)

| | | |
|---|---|---|
| **MICHAEL SHIELDS** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. MJG 02CV1783 |
| | ) | |
| **FEDERAL EXPRESS CORPORATION,** | ) | |
| **AND PATRICK J. QUIRKE** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO RECONSIDER ORDER PERMITTING JOINDER OF RVA PENDLETON AS A PARTY AND TO DENY PLAINTIFF'S MOTION FOR PERMISSIVE JOINDER**

**INTRODUCTION**

Defendants, Federal Express Corporation ("Federal Express") and Patrick J. Quirke, hereby file their Memorandum in support of Motion to Reconsider Order Permitting Joinder of Rva Pendleton as a Party and to deny Plaintiff's Motion for Permissive Joinder. On May 23, 2002, Plaintiff, Michael Shields, filed a Complaint initiating this lawsuit. On July 1, 2002, this Court entered a Scheduling Order, setting the deadline for joinder of parties as August 15, 2002. On August 27, 2002, this Court granted Plaintiff's motion to extend the deadline for joinder to September 4, 2002. (August 27, 2002 Order). Plaintiff failed to join any parties within this extended deadline. On April 2, 2003, Plaintiff apparently filed a Motion for Permissive Joinder with this Court, a motion that Plaintiff failed to serve on Defendants. On April 17, 2003, this Court granted Defendant's Motion for Extension of Time, and ordered that Defendants had 14 days from the date that Plaintiff effected proper service of his Motion for Permissive Joinder to respond to Plaintiff's motion. Plaintiff has not served his Motion for

Permissive Joinder on Defendants to date, nor was the motion and supporting memorandum available through this Court's on line Electronic Case Filing system, apparently because Plaintiff did not file the documents electronically.

This Court should reconsider its Order Permitting Joinder of Rva Pendleton as a Plaintiff in this lawsuit, and should deny Plaintiff's Motion for Permissive Joinder on the grounds that Plaintiff failed to serve Defendants with his Motion for Permissive Joinder as required under Fed. R. Civ. P. 5(a), amendment of Plaintiff's Complaint to add Rva Pendleton as a Plaintiff is inappropriate under Fed. R. Civ. P. 15, Plaintiff has failed to establish that joinder is proper under Fed. R. Civ. P. 20, and Plaintiff has not shown good cause for an extension of this Court's Scheduling Order deadlines as required under Fed. R. Civ. P. 16(b).

## ARGUMENT

**I.      Plaintiff Failed to Serve Defendants with His Motion For Permissive Joinder.**

Fed. R. Civ. P. 5(a) requires that all written motions be served on the opposing party. Plaintiff's repeated failure[1] to abide by the Federal Rules of Civil Procedure alone compels reconsideration and denial of Plaintiff's motion.

**II.     Fed. R. Civ. P. 15 Precludes Amendment of Plaintiff's Complaint.**

Fed. R. Civ. P. 15(a) provides:

> **Amendments**.  A party may amend the party's pleadings once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed on the trial calendar, the party may so amend it at any time within 20 days after it is served.  Otherwise a party may amend

---

[1]      Plaintiff similarly failed to serve FedEx with his Response to FedEx's Motion for Summary Judgment in a timely fashion, necessitating that Defendants obtain an extension of time in which to file their Reply.  Defendants requested a copy of Plaintiff's Motion For Permissive Joinder on or about April 4, 2003 but have received no response from Plaintiff's counsel.

2

> the party's pleading only by leave of court or by written consent of the
> adverse party; and leave shall be freely given when justice so requires. . . .

Plaintiff cannot meet this standard.

Here, FedEx has filed an Answer to Plaintiff's Complaint. Accordingly, Plaintiff may not amend without FedEx's written consent or leave of Court. FedEx does not consent to Plaintiff's proposed amendment, nor should this Court grant Plaintiff's leave to amend his complaint to add Pendleton as a Plaintiff.

In *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962), the United States Supreme Court held that the following factors should be considered in determining whether leave to amend should be granted: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to correct the deficiencies by prior amendment; (4) undue prejudice to the opposing party; (5) futility of the amendment. Application of these factors favors denial of Plaintiff's motion to amend his Complaint to add Rva Pendleton as a Plaintiff.

Amendment of Plaintiff's Complaint at this late date would severely prejudice Defendants and would substantially delay resolution of this lawsuit. For these reasons, courts have repeatedly denied leave to amend after the close of discovery and after the completion of briefing on summary judgment. *E. David Gable & Associates v. Dean Witter Reynolds, Inc.,* No. 97-1499, 1998 U.S. App. LEXIS 29831, at *7-8 (4th Cir. Nov. 23, 1998) (copy attached); *Cleveland v. Porca Co.*, 38 F.3d 289 (7th Cir.), *reh'g denied,* 1994 U.S. App. LEXIS 30026 (7th Cir. 1994); *Overseas Inns v. United States*, 911 F.2d 1146 (5th Cir.), *reh'g denied*, 1990 U.S. App. LEXIS 19628 (5th Cir. 1990).

Here, Plaintiff has given no justification for delaying amendment of his Complaint. Plaintiff failed to amend his Complaint to add Pendleton within the time period set forth in this Court's original Scheduling Order and failed to join any parties after this Court granted an extension of the deadline for

3

joinder of parties to September 4, 2002. (August 27, 2002 Order). Discovery had been closed for nearly two months when Plaintiff filed his Motion for Permissive Joinder. (October 16, 2002 Order). Summary judgment on Shields' claims has been fully briefed. Adding Pendleton as a Plaintiff would necessitate reopening discovery so that FedEx can conduct written discovery on Pendleton's claims, depose Pendleton, and depose any other witnesses identified through discovery, rebriefing summary judgment to cover Pendleton's claims, and would delay trial (if one is necessary after this Court's ruling on Defendants' motion for summary judgment) with a concomitant increase in potential back pay liability on Shields' claims because of the delay in proceedings. All of these factors demonstrate the prejudice that Defendants would suffer should this Court allow Plaintiff to add Pendleton as a Plaintiff at this late date.

Additionally, amendment of Plaintiff's Complaint to add Pendleton's claims is futile. Leave to amend should not be granted where the added claims cannot survive a motion to dismiss or a motion for summary judgment. *Burns v. AAF-McQuay, Inc.*, 166 F.3d 292 (4th Cir. 1999); *Shealy v. Winston*, 929 F.2d 1009 (4th Cir. 1991). Here, Pendleton's claims cannot survive a motion to dismiss or a motion for summary judgment and, therefore, amendment of Shields' Complaint to add her claims is futile.

Pendleton seeks to join Shields' lawsuit as a Plaintiff based upon claims that she was excluded from an employee meeting during Shields' tenure as a Senior Manager, and that Director Patrick Quirke allegedly ordered Shields to give Pendleton an unjustified Warning Letter on September 15, 2000. (Plaintiff's Memo in Support of Motion for Permissive Joinder, at ¶¶ 7, 9). Pendleton claims that she should be permitted to join Shields' lawsuit as a Plaintiff because the claims she intends to assert arise from the same series of transactions or occurrences as Shields' claims. (Plaintiff's Motion for Permissive Joinder of Additional Parties, at p. 1). Pendleton's "same transaction and occurrence

4

argument" is premised upon the assertion that Pendleton's claims arise from events that occurred during Shields' tenure as the Senior Manger of the BCB station. (Plaintiff's Memo in Support of Motion for Permissive Joinder, at ¶ 11, pp. 7-9).

Pendleton cannot proceed on any claim regarding alleged incidents of discrimination that took place when Shields was her Senior Manager because she failed to file a timely charge of discrimination asserting these claims. (Declaration of Kimberly Gillum, ¶ 3 and Attachment A thereto, attached hereto as Exhibit 1). To exhaust her administrative remedies under Title VII, a plaintiff must file a charge within 300 days of the alleged discriminatory treatment. 42 U.S.C. § 2000e-5. Charges not filed within this time period are time barred. *EEOC v. Commercial Office Prods. Co.*, 486 U.S. 107, 108 S. Ct. 1666 (1988).

Here, Shields was a Senior Manager at BCB from January 15, 2000 until February 26, 2001. (Defendants' MSJ Memo at ¶ 1 and supporting Exhibits). Pendleton did not file her charge until, at the earliest, April 30, 2002, the latest date of discrimination set forth in Pendleton's charge.[2] (Ex. 1: Gillum Decl., ¶ 3 and Attachment A thereto). Thus, Pendleton filed her charge more than one year after Shields' employment with FedEx ended. All of Pendleton's claims arising from her employment with FedEx during Shields' tenure are time barred, and it would be futile to allow amendment of Shields' Complaint to add these time barred claims.

### III. Amendment of the Complaint to Add Pendleton as a Plaintiff Is Improper Under Fed. R. Civ. P. 20(a).

---

[2] Neither Pendleton nor the Fairfax County Human Rights Commission dated Pendleton's charge. (Ex. 1: Gillum Decl., ¶ 3 and Attachment A thereto). In all likelihood, Pendleton did not file her charge until November 2002. (*See* Ex. 1: Gillum Decl., ¶ 4 and Attachment B thereto). Giving Pendleton the benefit of the doubt, her charge allegations regarding the time frame in which Shields was her Senior Manager were filed with the EEOC or parallel state agency well over 300 days after the alleged incidents occurred.

5

Fed. R. Civ. P. 20(a) provides, in part:

> **Permissive Joinder**. All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. . . .

As noted in Section II above, all of Pendleton's claims with respect to the time period that Shields was employed with FedEx are time barred. Accordingly, Pendleton has no viable claims that could form part of the same transaction or occurrence as those raised in Shields' lawsuit and, therefore, joinder is improper under the express language of Rule 20.

As the court explained in *Saval v. BL Ltd.*, 710 F.2d 1027 (4th Cir. 1983), it is within the court's discretion to determine whether joinder is appropriate under Rule 20(a). In determining that the district court properly denied joinder in *Saval*, an automobile breach of warranty case, the Fourth Circuit found that the plaintiffs' claims were not part of the same transaction or occurrence. *Id*. at 1031-32. The *Saval* court reached its decision based upon the fact that the plaintiffs failed to demonstrate that the plaintiffs' automobile problems resulted from a common defect, the automobiles in question had different histories, and the plaintiffs failed to demonstrate that the same warranties applied to each of the automobiles in question. *Id*. It is not enough that the plaintiff and the party who seeks to join the case as a plaintiff allege the same legal theory; the factual allegations must establish that the claims arise from the same transaction or occurrence. *Brown v. Worthington Steel, Inc.*, 211 F.R.D. 320, 324-5 (S.D. Ohio 2002). Where the parties hold different positions, report to different supervisors, have different employment histories, have different job responsibilities, and raise claims encompassing different time periods, the same transaction and occurrence standard contained in Rule 20 is not met. *Weir v. Litton Bionetics, Inc.*, No. H-85-2545, 1986 U.S. Dist. LEXIS 24884, at *15-17 (D. Md. May

6

29, 1986) (copy attached); *Brown*, 211 F.R.D. at 324-5; *Martinez v. Safeway Stores, Inc.*, 66 F.R.D. 446, 448-9 (N.D. Cal. 1975).

Here, Plaintiff has failed to demonstrate that Pendleton's claims are part of the same transaction or occurrence that form the basis of Plaintiff, Michael Shields', lawsuit. Pendleton, unlike Shields, was a Manager reporting to Shields. As a Manager, Pendleton had different job responsibilities than did Shields, a Senior Manager. Further, the employment histories of Pendleton and Shields are undeniably different. Pendleton has no viable claims from the time period when Shields was employed with FedEx as the Senior Manager of the BCB station. Accordingly, joinder is inappropriate.

### IV. Plaintiff Has Failed To Demonstrate Good Cause For Extension of This Court's Scheduling Order Deadline.

Fed. R. Civ. P. 16(b) provides, in pertinent part:

> * * *
> A schedule shall not be modified except upon a showing of good cause
> and by leave of the district judge or, when authorized by local rule, by a
> magistrate judge.

Plaintiff cannot meet this standard.

On July 1, 2002, this Court entered a Scheduling Order, setting August 15, 2002 as the deadline for amendment of pleadings and joinder of parties. On August 27, 2002, this Court extended the deadline for joinder to September 4, 2002 at Plaintiff's request. Plaintiff has come forward with no explanation for missing both the original deadline for joinder and the extended deadline, much less an explanation demonstrating good cause for an extension. In fact, such an extension would be prejucial to Defendants, as set forth in Section II above.

## CONCLUSION

This Court should grant Defendants' Motion for Reconsideration of Order Granting Plaintiff's Motion for Permissive Joinder, and should deny Plaintiff's motion to add Rva Pendleton as a Plaintiff for the reasons set forth above.

DATED:     June 2, 2003.

Respectfully submitted,

/s/
Eric Hemmendinger
SHAW & ROSENTHAL, LLP
Sun Life Building, 20 South Charles Street
Baltimore, MD  21201
410-752-1040-Telephone
410-752-8861-Facisimile


Mary Jane Palmer
FEDERAL EXPRESS CORPORATION
3620 Hacks Cross
Building B, 3rd  Floor
Memphis, TN  38125
901-434-8555-Telephone
909-434-9271-Facisimile

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO RECONSIDER ORDER PERMITTING JOINDER OF RVA PENDLETON AS A PARTY AND TO DENY PLAINTIFF'S MOTION FOR JOINDER** was electronically filed in this case on the 2d day of June 2003 with a copy electronically served upon Brian K. McDaniel, and Kevin L. Chapple, 1211 Connecticut Avenue, NW, Suite 303, Washington, DC 20036, via U.S. Mail, postage prepaid on the 2d day of May, 2003.

/s/
Eric Hemmendinger

doc 447508