2 of 100 DOCUMENTS

ROBERT WEIR and KYLE H. SIBINOVIC, Plaintiffs v. LITTON BIONETICS, INC., Defendant

Civil No. H-85-2545

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

*1987 U.S. Dist. LEXIS 14026; 43 Fair Empl. Prac. Cas. (BNA) 663*

**March 16, 1987, Decided and Filed**

**OPINIONBY:**
[*1]

HARVEY, II

**OPINION:**

MEMORANDUM AND ORDER

ALEXANDER HARVEY, II, CHIEF UNITED STATES DISTRICT JUDGE

Presently pending in this civil action are three motions in limine filed by defendant Litton Bionetics, Inc. (hereinafter "Litton"). In this suit, plaintiffs Robert J. Weir (hereinafter "Weir") and Kyle H. Sibinovic (hereinafter "Sibinovic") allege that Litton terminated their employment in 1984 in violation of the Age Discrimination in Employment Act (the "ADEA"), *29 U.S.C. § 621* et seq., and the common law of Maryland. At the time of their terminations, Weir was 60 years of age, and Sibinovic was 48 years of age.

In its prior Memorandum and Order of May 29, 1986, this Court granted defendant's motion for severance and denied the motion for partial summary judgment of plaintiff Sibinovic. In that ruling, this Court also granted defendant's motion for summary judgment as to plaintiffs' claims asserted under the Employment Retirement Income Security Act ("ERISA"), *29 U.S.C. § 1001* et seq., but denied defendant's motion for summary judgment as to other claims asserted by plaintiffs Weir and Sibinovic.

Defendant's pending motions address several evidentiary matters. One of defendant's motions [*2] seeks an order barring each plaintiff from testifying at the other plaintiff's trial. (Paper No. 51). Defendant also seeks an order barring plaintiffs from introducing at both trials by way of the testimony of plaintiff Sibinovic comments allegedly made by Litton's Personnel Director, Linda Neely. (Paper No. 52). In the first motion filed herein, defendant seeks an order barring plaintiff from introducing at the trials certain statistical evidence. (Paper No. 50).

Voluminous memoranda (with numerous exhibits attached) in support of and in opposition to the pending motions have been filed by the parties and carefully reviewed by the Court. Moreover, as a result of similarly extensive memoranda previously filed by the parties relating to the prior motions and in view of the hearing on these motions held in open court on May 9, 1986, this Court is well acquainted with the facts and legal issues surrounding plaintiffs' claims. The Court would further note that the parties have engaged in extensive discovery, including the taking of numerous depositions.

After a review of the record here, this Court has concluded that no further hearing is necessary for decisions on the pending motions. [*3] See Local Rule 6. For the reasons stated herein, defendant's first and second motions (Papers Nos. 50 and 51) will be granted and defendant's third motion (Paper No. 52) will be granted in part.

I

One of defendant's motions in limine seeks to preclude Weir and Sibinovic from testifying at each other's trial. As amply detailed in this Court's Memorandum and Order of May 29, 1986, plaintiffs were employed at separate divisions within Litton, they were terminated on dates several months apart, and the

Case 1:02-cv-01783-MJG   Document 27-7   Filed 06/02/2003   Page 2 of 5

Page 2

1987 U.S. Dist. LEXIS 14026, *; 43 Fair Empl. Prac. Cas. (BNA) 663

decision to terminate them was independently made by different supervisors. Slip op. at 14.

In granting defendant's motion for a severance, this Court has concluded that:

[I]t would be prejudicial to defendant were the claims of plaintiff Weir and the claims of plaintiff Sibinovic to be tried at the same time. The work history of each plaintiff was quite different, and the claims and defenses of each can be fairly considered only in the light of the separate work history of each.

Slip op. at 15.

For these same reasons, it is equally clear that Weir and Sibinovic should not be allowed to testify at the other's trial concerning the circumstances surrounding his or her own termination. [*4] Were Weir and Sibinovic allowed to give such testimony, there would likely arise the same potential dangers of jury confusion and prejudice to the defendant that caused the Court previously to sever the trial of each plaintiff's claims. The case law clearly supports this result. See, e.g., *Haskell v. Kaman Corp.*, 743 F.2d 113, 121-22 (2d Cir. 1984); *Goff v. Continental Oil Co.*, 678 F.2d 593, 596-97 (5th Cir. 1982); *Moorhouse v. Boeing Co.*, 501 F. Supp. 390, 391-93 & n. 4. (E.D. Pa.), aff'd, 639 F.2d 774 (3d Cir. 1980).

Indeed, plaintiffs have conceded this motion in large part, except as it would affect Sibinovic's ability to testify at Weir's trial concerning the comments allegedly made by Linda Neely. As discussed hereinbelow, such testimony will not be permitted.

Accordingly, defendant's motion in limine (Paper No. 51) will be granted and both Weir and Sibinovic will not be permitted to testify at the other's trial.

II

Defendant has also filed a motion in limine seeking to preclude the plaintiff at each trial from introducing evidence pertaining to comments allegedly made by one Linda Neely, who became Litton's Personnel Director after [*5] both Weir and Sibinovic were terminated. In an affidavit filed herein, Sibinovic has stated that she approached Neely about her own and others' terminations and that Neely remarked that Litton was concerned about the direct and indirect costs associated with retaining "older, senior employees" and that "Litton had a tremendous amount of interest in reducing the indirect cost of the benefit pools, including pension benefits." Defendant has presented various arguments in support of its contention that Sibinovic should not be permitted to relate her conversation with Neely at either trial.

After due consideration of the memoranda and the record here, this Court concludes that the evidence in question should be excluded at Weir's trial pursuant to Rule 403, F.R.E. Whether or not Sibinovic will be permitted to testify as to the Neely conversation at her own trial will be determined at a later date after the Weir trial has been concluded. Different considerations pertain to the admission of the evidence in question at the Weir trial from those that pertain to such admission at the Sibinovic trial where plaintiff Sibinovic will be testifying in any event. However, Sibinovic, for the reasons [*6] stated herein and also in this Court's Memorandum and Order of May 29, 1986, will not be permitted to testify at Weir's trial, even if such testimony is confined to her conversation with Neely.

Rule 403 provides as follows:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

In this particular case, although the evidence in question is marginally relevant, this Court concludes that its probative value would be substantially outweighed by the danger of unfair prejudice to Litton if Sibinovic is permitted to testify concerning her conversation with Neely. Once Sibinovic were permitted to testify even in a limited manner, the fact of her termination would be before the jury. Thus, there would arise the very strong likelihood that the jury would confuse the issues and facts which relate to the Weir termination with those which relate to the Sibinovic termination. The work history of each was quite different. If Sibinovic testifies at the Weir trial, the jury [*7] could very well be misled in deciding the issues in that case.

Considerations of delay and waste of time also apply here. Once it had come to the attention of the jury at the Weir trial that Sibinovic herself had been terminated, it would be necessary for defendant to present at that trial the evidence relied upon by way of defense in the Sibinovic trial. The result would be the lengthening of the Weir trial, since substantially the same evidence would presumably have to be presented by defendant as if the Court had permitted a joint trial of both claims to go forward. The reasons previously given by the Court for granting defendant's motion for a severance of these trials support the exclusion of this evidence under Rule 403.

Sibinovic was notified that she would be laid off in early to mid-June of 1984. Weir was notified of his layoff around June 26, 1984. Neely did not begin her

Case 1:02-cv-01783-MJG   Document 27-7   Filed 06/02/2003   Page 3 of 5

Page 3

1987 U.S. Dist. LEXIS 14026, *; 43 Fair Empl. Prac. Cas. (BNA) 663

employment as defendant's Personnel Director until almost a month later, on July 23, 1984. Quite obviously, Neely had no role whatsoever in defendant's decisions to terminate both Weir and Sibinovic. Thus, if it is to be assumed that Neely's comments related to the Weir termination, the information in question [*8] came to Neely second or third hand and from an unknown and undisclosed source.

Moreover, the comments are somewhat generalized and non-specific. Plaintiffs cannot establish that the comments in question related specifically to Weir because Neely has denied making any of these statements. Because of Neely's affidavit, neither the Court nor counsel (much less the jury) can know the source of the alleged information in question, and its accuracy is therefore questionable. The inference that there was a connection between the alleged comments of Neely and Weir's termination is a weak one at best.

When this marginally relevant evidence is compared to that which defendant would necessarily have to produce to rebut the resulting prejudicial inferences, it is apparent that the probative value of such evidence is substantially outweighed by other considerations. The evidence in question could not be presented without the jury knowing that Sibinovic herself had been terminated and that her age entitled her to the protections of the ADEA. Moreover, if the evidence were admitted, the inference would be that other older and senior employees had at or about the time of Weir's termination been likewise [*9] laid off. To rebut the prejudicial inferences which the jury might derive from the evidence in question, defendant would be required to present to the jury the details of all terminations of senior employees at or about the time of the Weir and Sibinovic layoffs. In each instance, defendant would necessarily have to present evidence to show that each such layoff was not for discriminatory reasons. The additional evidence thus presented would tend to divert the jury's attention from the much narrower issue before it in the Weir trial, namely whether plaintiff Weir had been terminated in 1984 because of his age.

It is therefore apparent that were the Court to deny this motion in limine and allow Sibinovic to testify at the Weir trial concerning her alleged conversation with Neely, the Court would be in effect reversing its earlier ruling that the two trials should be severed. Once Sibinovic took the stand at the Weir trial, the fact of her termination by defendant would be before the jury and would have to be explained by defendant. The relevance of the evidence proffered is not sufficient to convince the Court to reverse its earlier ruling and require that Weir's claim and Sibinovic's [*10] claim be tried at the same time before the same jury.

For all these reasons, this Court concludes that plaintiff's motion in limine should be granted in part. Plaintiff Sibinovic will not be permitted to testify at the Weir trial concerning comments allegedly made by Ms. Linda Neely. Whether or not she will be permitted to so testify at her own trial will be decided at a later time. When the Weir trial has been concluded, defendant may renew its motion in limine, and the parties in their memoranda should address the applicability of Rule 403 to the admission of this evidence at the Sibinovic trial.

III

By way of another motion in limine, defendant seeks to preclude plaintiffs from introducing certain purported statistical evidence, consisting of "rosters" of upper-level Litton employees' ages, seniority and salary levels, and statistical summaries derived therefrom. Plaintiffs argue that this evidence should be admitted because it allegedly shows a pattern or policy on Litton's part of terminating its older employees. There is no merit to plaintiffs' argument.

As plaintiffs concede, in accordance with this Court's prior rulings the case of each plaintiff must be considered [*11] individually. Since Weir and Sibinovic were employed in different divisions within Litton, and since the decision to terminate them was made by different supervisors, the circumstances surrounding Weir's termination are largely irrelevant to Sibinovic's claims, and vice-versa. The summaries which plaintiffs propose to introduce are flawed for a number of reasons: (1) because certain individuals within the relevant groups who were employed by Litton as of June 1984 but who were no longer employed as of June 1985 are excluded from the data base; (2) because plaintiffs' calculations make improper distinctions between those employees under the age of 39; and, most importantly, (3) because the number of employees involved here (the "sample size") is much too small to yield meaningful generalizations of the sort relied upon by plaintiffs. n1

> n1 The summaries which plaintiffs have prepared deal only with Weir's division of Litton. Thus, the summaries would not have been admissible at Sibinovic's trial in any event.

First, the present record establishes that plaintiffs' calculations are underinclusive. While the omission of one or two individuals from a pool of several hundred employees [*12] might be trivial, in this case very small pools of employees (26 in Weir's division and 12 in Sibinovic's division) are involved. Thus, any error of omission, however slight, becomes greatly magnified. See generally, e.g., *Soria v. Ozinga Brothers, Inc.*, 704 F.2d 990, 995-96 (7th Cir. 1983); *Graefenhain v. Pabst Brewing Co.*, 620 F.Supp. 696, 702 (E.D. Wis. 1985).

Case 1:02-cv-01783-MJG   Document 27-7   Filed 06/02/2003   Page 4 of 5

Page 4

1987 U.S. Dist. LEXIS 14026, *; 43 Fair Empl. Prac. Cas. (BNA) 663

Second, the ADEA protects employees only from 40 to 65 years of age. The ADEA would not prevent Litton from having a policy of terminating all employees who have reached the age of 39 and then replacing them with only those under the age of 25. The statistics which plaintiffs propose to introduce depend entirely on age averaging. Using plaintiffs' methodology, damning figures could be reached solely on the basis of changes in the composition of employees within the unprotected group. Yet, as noted, the ADEA recognizes no distinction between a 21 year old employee and a 39 year old employee.

Many of the cases relied on by plaintiffs to support the propriety of age averaging are inapposite to the present situation. For instance, in *Goldstein v. Manhattan Industries, 758 F.2d 1435 (11th Cir. 1985)*, cert. denied, [*13] *106 S.Ct. 131 (1986)*, Judge Tuttle did remark that:

Age discrimination is qualitatively different from race or sex discrimination in employment, because the basis of the discrimination is not a discreet and immutable characteristic of an employee which separates the members of the protected group indelibly from persons outside the protected group. Rather, age is a continuum along which the distinctions between employees are often subtle and relative ones.

*Id. at 1442*. However, in context, this passage clearly refers only to the employer's argument that an employee could establish a prima facie case under the ADEA only if he or she was a member of the protected class (i.e., age 40-65) and was replaced by a member of the unprotected class (i.e., under age 40). *Id. at 1442-43*. Goldstein did not discuss and does not support the admissibility of the sort of age averaging advanced by plaintiffs here.

Third, and most importantly, under these circumstances, the relevant pools of Litton employees are simply too small to yield the sort of statistical generalization proposed by plaintiffs in this case. See *Davis v. Litton Bionetics Inc., 444 F. Supp. 638, 646 (D.* [*14] *Md. 1978)*; see also *Smith v. Western Electric Co., 770 F.2d 520, 528 (5th Cir. 1985); Parker v. Federal National Mortgage Association, 741 F.2d 975, 980-81 (7th Cir. 1984); Soria, supra, 704 F.2d at 995-96; Coble v. Hot Springs School District No. 6, 682 F.2d 721, 734 (8th Cir. 1982)*.

In Weir's division, four employees out of a pool of 26 employees were terminated; in Sibinovic's division, Sibinovic was the only employee in a pool of 12 terminated. n2 As in *Davis, supra*, "the statistical samples relied upon by the plaintiff[s] in this case are too small to be meaningful." *444 F. Supp. at 646*; see also *Friend v. Leidinger, 446 F. Supp. 361, 366-67 (E.D. Va. 1977)* (citing *Mayor v. Educational Equality League, 415 U.S. 605, 621 (1974))*, aff'd *588 F.2d 61 (4th Cir. 1978)*.

n2 As noted, the pool figures used here are underinclusive.

Plaintiffs have argued that even if the statistical summaries are found deficient, the "rosters" themselves should still be admissible. This Court would disagree. Even if the rosters are not technically statistics, they share many of the same faults as plaintiffs' statistical summaries, namely that they are underinclusive [*15] and the sample size is too small.

Plaintiffs' purpose in seeking to introduce the rosters is the same as their purpose in seeking to introduce the summaries of the rosters; they hope that the jury will infer a pattern or policy on the part of Litton to terminate its older employees in violation of the ADEA. As discussed hereinabove, the summaries cannot legitimately be used to support such an inference. Since the rosters share similar flaws, defendant would be similarly prejudiced if they were to admitted in evidence. Introduction of the roster would essentially be a back door route for plaintiffs to make an argument to the jury which this Court has found to be impermissible.

Moreover, admission of the rosters would pose dangers of prejudice to defendant similar to those discussed hereinabove and in the Court's Memorandum and Order of May 29, 1986. Litton should be permitted at the trial of each case to present defenses to the separate charges of Weir and Sibinovic on their merits, without having to justify each and every other termination of one of its employees whenever it may have occurred. The cases cited by plaintiffs to the contrary are not persuasive. The result reached by [*16] the Court herein is supported by the better reasoned decisions in Haskell, Davis and the other cases previously cited.

Accordingly, defendant's motion to preclude plaintiffs' from introducing the statistical summaries of Litton employment rosters and the rosters themselves will be granted.

For all these reasons, it is this 16th day of March, 1987, by the United States District Court for the District of Maryland,

ORDERED:

1. That defendant's motion in limine (Paper No. 51) seeking an Order barring the testimony of plaintiff Sibinovic at the trial of the claims of plaintiff Weir and the testimony of plaintiff Weir at the trial of the claims of plaintiff Sibinovic be and the same is hereby granted;

Case 1:02-cv-01783-MJG   Document 27-7   Filed 06/02/2003   Page 5 of 5

Page 5

1987 U.S. Dist. LEXIS 14026, *; 43 Fair Empl. Prac. Cas. (BNA) 663

2. That defendant's motion in limine (Paper No. 52) seeking an Order barring plaintiffs from introducing evidence concerning comments allegedly made by Linda Neely be and the same is hereby granted in part; and

3. That defendant's motion in limine (Paper No. 50) seeking an Order barring plaintiffs from introducing statistical evidence be and the same is hereby granted.