IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MICHAEL SHIELDS | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )CIVIL ACTION NO. MJG 02CV1783 |
| | ) |
| FEDERAL EXPRESS CORPORATION, | ) |
| AND PATRICK J. QUIRKE | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO RECONSIDER ORDER PERMITTING JOINDER OF RVA PENDLETON AS A PARTY**

Plaintiff, Michael Shields, by and through his counsel, Brian K. McDaniel and Kevin Chapple, hereby move that this Court deny Defendants' Motion to Reconsider Plaintiff's Motion for Permissive Joinder of Rva Pendleton. This Court should not reconsider its Order and deny Defendants' Motion for Reconsideration for the following reasons: Plaintiff did serve Defendants with their Motion for Permissive Joinder as required under Fed. R. Civ. P. 5 (a), amendment of Plaintiff's Complaint to add Rva Pendleton as a Plaintiff is appropriate under Fed R. Civ. P. 15, Plaintiff has established that joinder is proper under Fed. R. Civ. P. 20, and Plaintiff has shown good cause for an extension of this Court's Scheduling Order deadlines as required under Fed. R. Civ. P. 16 (b). The grounds and basis for this Response are set forth in the Memorandum filed herewith.

DATED: June _____, 2003.

                                             Respectfully Submitted,

                                             _____
                                           Brian K. McDaniel, Esq.
                                           Kevin L. Chapple, Esq.
                                           1211 Connecticut Avenue
                                           Suite 303
                                           Washington, DC 20036
                                           202-331-0793

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MICHAEL SHIELDS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. )  | CIVIL ACTION NO. MJG 02CV1783 |
| ) | |
| FEDERAL EXPRESS CORPORATION, ) | |
| AND PATRICK J. QUIRKE ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFF'S MEMORANDUM IN RESPONSE TO DEFENDANTS' MOTION TO RECONSIDER ORDER PERMITTING JOINDER OF RVA PENDLETON AS A PARTY**

**INTRODUCTION**

Plaintiff, Michael Shields, by and through his counsel, Brian K. McDaniel and Kevin L. Chapple, hereby file their Memorandum in support of their Response to Defendants' Motion to Reconsider Permissive Joinder of Rva Pendleton to the original complaint filed by Plaintiff Shields. Plaintiff Shields initiated this lawsuit on May, 23, 2002. On March 12, 2003 Defendants' filed a Motion for Summary Judgment. On March 31, 2003, Plaintiff filed a Motion in Opposition for Summary Judgment. Upon information and belief this Honorable Court has not yet ruled on Defendant's Motion.

During the progression of this suit Plaintiff's counsel has learned of additional parties that have suffered similar injuries as alleged by Plaintiff Shields at the hands of the Defendants in this matter and arising out of similar if not the same supportive facts. As a result Plaintiff's counsel filed a motion requesting that the Court grant Permissive Joinder of Rva Pendleton the aggrieved individual as an additional party

3

to the original complaint. The Motion for Permissive Joinder was completed on March 24, 2002 and a copy directly mailed to Defendants' counsel. The Motion was filed with the Clerk of the Court on April 2, 2003, which was subsequently granted by this Court.

This Court should not reconsider its Order granting the Joinder of Rva Pendleton as a Plaintiff in this lawsuit and in support Plaintiff proffers the following:

## ARGUMENT

**I.    A MOTION FOR RECONSIDERATION WOULD NOT BE APPROPRITATE UNDER THE INSTANT CIRCUMSTANCES**

A motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. *Johnson v. Richmond, 102 F.R.D. 623*. The Defendants have failed to meet any of the above criteria.

This Court did not patently misunderstand any of the parties in this action nor has it made a decision outside the adversarial issues presented to the Court thus far. In addition, this Court has not made any decisions based upon apprehension and not of reasoning thus causing error detrimental to the resolution of this action. Furthermore, there has been no controlling or significant change in the law governing the issues presented by Plaintiff Shields and subsequently Ms. Pendleton. Nor has the subsequent claims asserted by Ms. Pendleton in her effort to join suit controlling or significant change in the facts asserted by Plaintiff Shields since the submission of his original issues

4

to this Court. Therefore, Defendants' Motion for Reconsideration should be denied and the consent of this Court allowing Ms. Pendleton to join this action should stand.

II.  **PLAINTIFF DID NOT FAIL TO SERVE DEFENDANTS WITH HIS MOTION FOR PERMISSIVE JOINDER.**

Federal Rules of Civil Procedure 5 (a) requires that all written motions be served on the opposing party. The Motion requesting that this Court allow Ms. Rva Pendleton to join this action was written on March 24, 2002. On that same day a copy was sent first class mailing by the clerk of Plaintiff's counsel to Defendants' counsel. The certificate of service that is attached to the Motion for Permissive Joinder stating the date when the Motion was actually mailed notes this. Defendants' failure to receive the Motion for Permissive Joinder is no fault of Plaintiffs' counsel who took the requisite steps necessary to serve the Defendants.

The Defendants allege that it is habitual for the Plaintiff not to timely serve the Defendants. This may be due to the fact that until recently Plaintiff's Counsel has depended a great deal on serving the Defendants by mail which may take at least two to three business days for the document sent to be received by Defendants. A two to three day delay is not traditionally seen as a lengthy time period which would hinder Defendants' Counsel from filing a Reply by the date set by the Court. Furthermore, the Defendants allege that they requested of Plaintiff a copy of the Permissive Joinder Motion but to date Plaintiff's Counsel is unaware of such a request made either by phone or by writing.

Obvious mishaps or delays that the Defendants allege involving the service of

Motions by mailing should cease and desist due to Plaintiff's current practice of filing through this Court's on line Electronic Case Filing system. Thus, allowing immediate and direct service on the Defendants. Furthermore, such allegations should not compel the Court to reconsider Plaintiff's Motion requesting that Ms. Pendleton be joined as a party to this action where the circumstances and injuries asserted by Ms. Pendleton are very similar to that of Plaintiff Shields and involve the same exact parties.

"The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel; (or alleged misstep in the instant case) may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley* v. *Gibson*, 355 U.S. 41, 48. It is only fair and proper that Ms. Pendleton remain a party to the suit where this Court may hear her allegations similar in nature to that of Plaintiff Shields where an appropriate decision will be made on its merits. Accordingly this Court should deny Defendant's Motion for Reconsideration.

### III.   FEDERAL RULES OF CIVIL PROCEDURE 15 DOES NOT PRECLUDE AMENDMENT OF PLAINTIFF'S COMPLAINT

Federal Rules of Civil Procedure 15 (a) provides that a party may amend their pleading by either one of two options. Written consent of the adverse party or by leave of the Court. Defendants have already made their contentions clear that they do not wish to consent to the joining of Ms. Pendleton to this action. However, the pertinent part of 15 (a) would be the declaration that a leave to amend "shall be freely given when justice so requires." Furthermore, "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test

his claim on the merits." *Foman v. Davis,* 371 U.S. 178.  Furthermore, the Court in *Foman* stated that "The Rules themselves provide that they are to be construed "to secure the just, speedy, and inexpensive determination of every action and that Rule 15 (a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded." *Id.*

This Court in allowing Rva Pendleton to join this action would cause no undue delay. In addition it is by no means an attempt of bad faith or a dilatory motive by the Plaintiff. There has been no repeated failure to correct any deficiencies by prior amendment. The Plaintiffs on one occasion amended their Responsive Pleading in opposition to Defendant's Motion for Summary Judgment. This was only done to further supplement this Court with information that bolstered Plaintiff's opposition to Defendants' Motion for Summary Judgment, as well as, provide this Court with additional facts and evidence to better ensure that its ruling regarding this matter is fair and just to both parties.

Furthermore, this would not be an undue delay to the Defendants based upon the fact that the claims asserted by Ms. Pendleton are very close in time and nature to those alleged by Plaintiff Shields which would not render such an amendment useless.

Amendment of Plaintiff's Complaint would **not** severely prejudice the Defendants in this matter such that it would substantially delay resolution of this lawsuit. It would be the contrary. Joining of Ms. Pendleton to this suit would serve " to facilitate the attainment of a just, speedy and inexpensive determination of all disputes between the same parties." *Robertson v. Davis,* 271 Md. 708, 319 A. 2d 816 (1974).  In addition, there are no imperative changes that will be made to the original claims asserted by Plaintiff

Shields if Ms. Pendleton were to join suit. One reoccurring issue as to why courts have disfavored granting a leave to amend after the close of the discovery and after the completion of briefing on summary judgment would be the amending parties' motion attempts to "inject an entirely new theory into the litigation" *Cleveland v. Porca Co.,* 38 F.3d 289 quoting *Kleinhans v. Lisle Sav. Profit Sharing Trust,* 810 F.2d 618, 625 (7th Cir. 1987). Clearly that is not the issue presented in the instant case therefore, Ms. Pendleton should be allowed to remain as a Plaintiff in this action.

      Furthermore, the Defendants allege that the reopening of discovery to fully investigate the claims asserted by Ms. Pendleton would "delay trial with a concomitant increase in potential back pay liability on Shields' claims because of the delay in proceedings." This claim is moot considering that this Court has yet to rule on Defendant's Motion for Summary Judgment or any other Motion that has been submitted thus far. In addition, a possible solution would be for this Court to take into consideration the date in which Ms. Pendleton joined suit and the dates in which discovery would take place in the investigation of her claims and adjust the judgment for damages declared by Plaintiff Shields accordingly. As a result Defendants would not suffer any prejudice should this Court allow Ms. Pendleton to join suit.

      Defendants further allege the futility of Ms. Pendleton's claims and cited *Burns v. AAF- McQuay, Inc.,* 166 F. 3d 292 (4th Cir. 1999). In *Burns*, the plaintiff sought to amend her complaint to allege hostile work environment liability against her employer. *Burns*, 980 F. Supp. at 176. The district court denied her motion for leave to amend her complaint because "Fourth Circuit law does not recognize the applicability of Title VII's hostile work environment doctrine in age discrimination actions under the ADEA ...." *Id.*

at 180. The sole issue on appeal was whether the district court abused its discretion in denying the plaintiff's motion to amend her complaint to include a hostile work environment claim. *Burns*, 166 F.3d at 293-94. The Fourth Circuit affirmed the district court's decision, but not on the basis that a hostile work environment claim was not viable under the ADEA. Rather, the Fourth Circuit examined the merits and affirmed on the basis that, "even assuming that a plaintiff can sue for hostile environment under the ADEA, [the plaintiff] cannot state a viable hostile environment claim" because her supervisor's comments were not severe or pervasive enough to establish a *prima facie* hostile work environment claim. *Id.* at 294.

The events of discriminatory behavior exercised by Federal Express and their agents against Ms. Pendleton that occurred during Plaintiff Shields' tenure with Federal Express and thereafter more than establish a *prima facie* case under Title VII. In addition, under close examination by this Court of the merits of said claims that arose from the same series of transactions or occurrences as that of Plaintiff Shields, which continued after Plaintiff's termination, it should be established that Ms. Pendleton's claims are far from futile and would survive a Motion for Summary Judgment or a Motion to Dismiss.

The Defendants go further to allege that Ms. Pendleton's claims "arising from her employment with Federal Express during Plaintiff Shield's tenure are time barred." Defendants in support of their assertion cite 42 U.S.C. § 2000 e-5 which states in part that in order for one to exhaust their administrative remedies under Title VII, a plaintiff must file a charge within 300 days of the alleged discriminatory treatment. Moreover, charges not filed within this time period are time barred. *EEOC v. Commercial Office Prods. Co.,* 486 U.S. 107, 108 S. Ct. 1666 (1988).

9

Ms. Pendleton's charging Complaint was filed with the Fairfax County's Human Rights Division located in Virginia, (See Defendant's Exhibit A). This document was never dated. However, contained within the body of the complaint Ms. Pendleton describes incidents that have occurred not only during Plaintiff Shields' Tenure but discriminatory events that continued to take place after his termination. Ms. Pendleton asserts that there is a causal nexus of the first alleged instance of discrimination that Ms. Pendleton referred to within her complaint that involved Plaintiff Shields. Plaintiff Shields initially voiced his dissatisfaction of the disciplinary measures he was instructed by the Defendants to give Ms. Pendleton after an incident took place at the BCB station where a subordinate accosted Ms. Pendleton. From that day until Ms. Pendleton could no longer resume her duties due to surgery, she had suffered greatly at the hands of the Defendants.

Furthermore, the Defendants did not receive the charging complaint until November 15, 2002. Thus leaving a large gap in time where it is not truly certain whether or not Ms. Pendleton's charge of claims, which include but certainly not limited to the tenure of Plaintiff Shields was actually filed in non-compliance with the statutory time period. Assuming, that Ms. Pendleton did not file her charge until April 30, 2002, the latest date of discrimination as documented by the EEOC, Ms. Pendleton filed her charge well within the time frame proscribed by law as to instances that she had experienced.

It should have no bearing that her charge was filed more than one year after Plaintiff's Shields was terminated. Her charge includes instances that happened during his tenure and instances that happened well after he was gone. Ms. Pendleton is seeking relief for all instances, which took place from its inception, August 12, 2000 to the last,

date of discrimination, April 30, 2002.  Relief that she is entitled to under the law if her claims are deemed as credible. Ms. Pendleton would like to join this matter because both she and the Plaintiff suffered discriminatory acts by the Defendants during the same time frame albeit that she suffered from said acts longer. This Court if it decides to continue to allow Ms. Pendleton to be a Plaintiff in this matter should take into consideration the dates when the Plaintiffs suffered and award relief accordingly.

IV.    **Amendment of the Complaint to Add Ms. Pendleton as a Plaintiff is Proper Under Fed. R. Civ. P. 20 (a).**

"The purpose of rules permitting the joinder of multiple parties was to remedy the procedural and substantive defects in the law which prevented the resolution in one action of the rights and obligations of all parties whose connection with the case arose out of the same source and occurrence." *Great Atl. & Pac. Tea Co. v. Royal Crown Bottling Co.,* 243 Md. 280, 220 A. 2d 598 (1966).

As delineated in the aforementioned sections and in Plaintiff's Motion for Permissive Joinder it is clearly stated that Ms. Pendleton was under the Supervision of Plaintiff Shields during the discriminatory actions complained of in the original complaint filed with this Court. Said discriminatory actions also negatively affected Ms. Pendleton during her tenure at the B.C.B. Station. The first act of discriminatory behavior that was suffered by Ms. Pendleton took place on August 12, 2000. This incident not only involved Plaintiff Shields but he was used as a tool by the Defendants to render discriminatorily based discipline to Ms. Pendleton. In addition, a number of the incidents that involved racial animus occurred during the period in which Plaintiff Shields and Ms. Pendleton were involved in a working relationship at the BCB station.  After Plaintiff

Shields' tenure with the Defendants was terminated wrongfully, Ms. Pendleton continued to be subjected to "the common" discriminatory pattern and practices of the Defendants.

Defendants allege that " it is not enough that the plaintiff and the party who seeks to join the case as a plaintiff allege the same legal theory; the factual allegations must establish that the claims arise from the same transaction and occurrence." (See Defendant's Memorandum in Support of Reconsideration of Joinder at 6). Furthermore, Defendants state that "where the parties hold different job responsibilities, and raise claims encompassing different employment histories, have different job responsibilities, and raise claims encompassing different time periods, the same transaction and occurrence standard in Rule 20 is not met." *Id.* Defendants have cited numerous cases in support of their assertion such as *Martinez v. Safeway Stores, Inc.,* 66 F.R.D. 446, 448-9 (N.D. Cal. 1975).

However, some Courts have held the total opposite. See, e.g., *Mosley v. General Motors Corporation*, 497 F.2d 1330 (8th Cir. 1974); *King v. Pepsi Cola Metropolitan Bottling Co.*, 86 F.R.D. 4 (E.D. Pa. 1979). Both cases involved plaintiffs from different divisions or departments of a company; in both cases the court allowed joinder based on the plaintiffs' allegation of a company-wide policy of discrimination. The Court in *King v. Ralston Purina Co.*, 97 F.R.D. 477, where employees, who were from different divisions and districts, were all dismissed and replaced by younger people. The employees claimed that the corporation discriminated against them based on age, as part of a company-wide pattern and practice of arbitrary, illegal age discrimination against employees within the age bracket protected by the ADEA, also has taken on the stance that company-wide policy of discrimination acted there out by that company and their

agents satisfies the requirements of Federal Rule of Civil Procedure 20 (a). The court also held that the corporation did not face any inconvenience or prejudice so grave as to require severance, and that hearing the pattern and practice evidence in a single proceeding would be convenient and economical. *Id.*

    The Court in *King* stated:

> Common sense says that aims alleged to be part of a "pattern and practice" satisfy both the "transaction" and the "common question" requisites of Rule 20(a). In addition, the policy behind the rule will be served by joinder in this case. Each plaintiff is entitled to put on evidence of the alleged pattern and practice, *see, e.g., Donaldson v. Pillsbury Co.*, 554 F.2d 825 (8th Cir. 1977), and each clearly intends to do so. If the claims were severed, the same evidence including, perhaps, the testimony. . . ., would have to be presented in . . . . separate trials. It is far more convenient and economical for this evidence to be heard in one trial.

" This result is consistent with the Supreme Court's holding in *United States v. Mississippi*, 380 U.S. 128, 13 L. Ed. 2d 717, 85 S. Ct. 808 (1965). In that case, six county voting registrars were joined as defendants along with the State of Mississippi and three members of its Board of Election Commissioners in a suit brought by the Attorney General. The complaint charged that defendants had engaged and, unless restrained, would continue to engage in various acts and practices interfering with the right of black citizens of Mississippi to vote. Five of the registrars moved for severance and separate trials. Applying the second sentence of Rule 20(a) (which sets out the same test for joinder of defendants that the first sentence establishes for joinder of plaintiffs), the Court held that joinder of the registrars was proper because the complaint charged that the registrars' unlawful acts were part of a state-wide pattern and practice. 380 U.S. at 142-43." *Cited in King,* 97 F.R.D. 477.

Here, Defendants have failed to show that Ms. Pendleton's claims are not part of the same "common pattern and practice" or "transaction or occurrence" involved in the claims alleged in Plaintiff Shield's original complaint. The Plaintiff concedes that there are differences in the employment situations of Plaintiff Shields and that of Ms. Pendleton, however, despite those differences both were supervised ultimately by Defendant Quirke. As a result both were subjected to that particular agent's discriminatory practices coupled with the same "common pattern and practice" executed and condoned by The Federal Express Incorporated.

The Court in *Saval v. BL Ltd.,* 710 F. 2d 1027 (4th Cir. 1983), held application of this test has generally proceeded on a case by case basis. *Id.*, 497 F.2d at 1333. The "transaction or occurrence test" of the rule "would permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary." *Id.* Further, the rule should be construed in light of its purpose, which "is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *Id.*, 497 F.2d at 1332. *See, generally*, 7 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 1652 (1972 & Supp. 1983).

Ms. Pendleton's claims are "all reasonably related" to the claims asserted by Plaintiff Shields and as a result should be heard in a single proceeding. This would be done to "promote trial convenience and expedite the final determination of disputes" thereby preventing another suit that would be filed on behalf of Ms. Pendleton, against the same parties and addressing the same issues. Therefore, Defendant's Motion for Reconsideration should be denied.

V. **Plaintiff Has Demonstrated Good Cause For Extension of This Court's Scheduling Order Deadline.**

Fed. R. Civ. P. 16 (b) provides that " A schedule shall not be modified except upon a showing of good cause and by leave of the district judge. . . ." Plaintiff's counsel did not know of the claims asserted by Ms. Pendleton until well in to the discovery phase of this suit. Furthermore, Plaintiff's counsel was unaware of Ms. Pendleton's eagerness to join suit with Plaintiff Shields until after the deadline has passed. However, based upon the fact that the claims asserted are similar in nature to that of Plaintiff and occurred around the same period in time. As a result joinder of Ms. Pendleton would be beneficial to all parties involved because it will become a " matter of convenience and fairness" if the trial is heard all in one proceeding.

**WHEREFORE,** Plaintiff respectfully requests the Ms. Pendleton remain as a party to this suit for the reason set forth above.

Respectfully Submitted,

_____
Brian K. McDaniel, Esq.
Kevin L. Chapple, Esq.
1211 Connecticut Avenue
Suite 303
Washington, DC 20036
202-331-0793

15

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that the foregoing Plaintiff's Memorandum in Support of Motion in Opposition to Reconsideration of Order Permitting Joinder of Rva Pendleton as a Party and to Deny Defendant's Motion for Reconsideration was electronically filed in this case the 19th day of June 2003 with a copy served upon Defendants' Counsel in this matter via electronic mailing by this Court.

_____

Brian K. McDaniel

Kevin L. Chapple

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **MICHAEL SHIELDS** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. MJG 02CV1783 |
| | ) |
| **FEDERAL EXPRESS CORPORATION,** | ) |
| **AND PATRICK J. QUIRKE** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## ORDER

**UPON CONSIDERATION,** of all the facts submitted by Plaintiffs' attorneys in the aforementioned matter the Plaintiff's Motion Denying Reconsideration of Joinder of Rva Pendleton as a Party is hereby

**GRANTED** this _____ day of _____, 2003.

_____
Honorable Judge