```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
```

MICHAEL SHIELDS                  *

       Plaintiff          *

      vs.                    * CIVIL ACTION NO. MJG-02-1783

FEDERAL EXPRESS CORPORATION,     *
et al.
       Defendants         *

*    *    *    *    *    *    *    *    *

## MEMORANDUM AND ORDER

The Court has before it Defendants' Motion to Reconsider Order Permitting Joinder of Rva Pendleton as a Party and the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

Pursuant to the Scheduling Order, the deadline for adding additional parties hereto expired August 15, 2002 without any party having been added. On April 2, 2003, Plaintiff filed a Motion for Permissive Joinder of Parties. On May 21, 2003, the said motion having not been opposed by Defendants, the Court granted the motion and permitted the addition of Rva Pendleton as a Plaintiff. By the instant motion, Defendants seek reconsideration of the Court's action.

The parties debate whether Plaintiff or Defendants should be blamed for Defendants' failure timely to oppose Plaintiff's motion seeking the addition of a Plaintiff. The Court need

not resolve the dispute and will assume that the entire blame should be placed upon Defendants' counsel.

Nevertheless, by the instant motion, Defendants have presented compelling reasons why the Court should not have allowed the addition of Rva Pendleton as a Plaintiff.  There is only some, but hardly comprehensive, overlap of the evidence pertinent to Shield's and Pendleton's claims.  Certainly, discovery would have had to be reopened altogether as to Pendleton's claims.  Furthermore, by virtue of timing problems, Pendleton's actionable claims would be based upon events occurring after Shield's relevant employment had been concluded.  The fact that some evidence relating to Pendleton's claims might pertain to periods while Shields was employed by no means justifies the Court's adding Pendleton as a party to Shield's lawsuit.  Finally, to the extent that there might be timing issues with regard to Pendleton's claims, there is no valid reason why Pendleton should have the benefit of Shield's filing date.

The Court has, this date, granted summary judgment with regard to Plaintiff Shield's claims.  Th court shall rescind its order permitting the addition of Pendleton as a party, will dismiss her claims without prejudice and will provide that should Pendleton file a separate lawsuit her filing date

should be deemed to be April 2, 2003 which is the date that Plaintiff filed the motions seeking to add Pendleton as a Plaintiff hereto.

For the foregoing reasons:

1. Defendants' Motion to Reconsider Order Permitting Joinder of Rva Pendleton as a Party is GRANTED.

2. The Order of May 21, 2003 is hereby RESCINDED.

3. Rva Pendleton is not a party to the instant law suit <u>nunc pro tunc</u> to April 2, 2003.

4. Should Rva Pendleton file a separate lawsuit asserting the claims presented herein against Defendants, she shall be deemed to have commenced said separate lawsuit on April 2, 2003.

SO ORDERED, on <u>Friday, 20 June, 2003</u>.

____/ s /____
Marvin J. Garbis
United States District Judge
