UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MICHAEL SHIELDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 02-1783 (MJG) |
| ) | |
| FEDERAL EXPRESS CORPORATION, ) | |
| *et al.* ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' BILL OF COSTS**

Plaintiff Michael Shields hereby objects to the bill of costs in the amount of $3,482.57 submitted by defendants Federal Express Corporation and Patrick J. Quirke on February 21, 2005. As demonstrated below, defendants' bill of costs is not reasonable in numerous aspects which should either be denied in whole or, in the alternative, reduced to reflect the reasonable costs taxable in connection with the of litigation of this case.

**ARGUMENT**

As a general rule, prevailing parties are entitled to move for an award of costs pursuant to Federal Rule of Civil Procedure 54(d)(1), which provides in pertinent part: "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs ... shall be allowed as of course to the prevailing party unless the court otherwise directs...." *Wyne v. Medo Industries, Inc.*, 329 F.Supp.2d 584, 586 (D.Md.2004); *Teague v. Bakker*, 35 F.3d 978, 995-96 (4th Cir. 1994). However, an award of costs is not automatic and should not be entered for expenses that are not authorized by statute and reasonably necessary to the litigation. *See Charter Medical Corp. v. Cardin*, 127 F.R.D. 111, 113 (D.Md.1989).

The applicable statute is 28 U.S.C. § 1920 (2004) which provides that the following expenses may be taxed:

>   (1)  Fees of the clerk and marshal;
>
>   (2)  Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
>   (3)  Fees and disbursements for printing and witnesses;
>
>   (4)  Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
>   (5) Docket fees under section 1923 of this title;
>
>   (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Even though the award of the above listed costs to a prevailing party is usual, the inclusion of various items within that award rests with the sound discretion of the trial court. *Wyne,* 329 F.Supp.2d at 587. Indeed, the Fourth Circuit has recognized that excessiveness is a factor justifying the denial of costs to the prevailing party. *Cherry v. Champion Intern. Corp.*, 186 F.3d 442, 446 (4th Cir.1999). Additionally, the non-prevailing party's inability to pay may excuse taxation of costs. *Cherry*, 186 F.3d at 447 (acknowledging that costs may possibly be denied if the losing litigant is of sufficiently modest means).

I.      **The Amounts Claimed by Defendant Are Excessive.**

A review of defendant's bill of costs demonstrates that the amount sought by defendant is grossly excessive and therefore that defendants' bill of costs should either be denied in whole or, in the alternative, reduced to reflect reasonable costs associated with the litigation of this case.

1. **Fees for service of summons and subpoenas**

In their bill of costs, defendants claim $430.30 for service of summons and subpoenas. *See* Defs.' Ex. A. As plaintiff filed the instant case, there should have been no summons for defendants to serve. Furthermore, only one deposition was taken by defendants in this case. Plaintiff actively participated in this case and had no reason to avoid having his deposition taken. Therefore, there should have been no need for defendants to subpoena him. Not only was there no need for a subpoena, plaintiff does not recall ever having been served with a subpoena for his deposition. Furthermore, attached as Exhibit A to defendants' bill of costs is the bill in the amount of $430.30 for a process server to deliver the unnecessary subpoena. This is far in excess of the usual and customary rate for simple service of one subpoena on a willing witness.

2. **Court Reporters.**

28 U.S.C. § 1920(2), provides for the taxation of costs of an original deposition taken by the prevailing party if they are "necessarily obtained for use in the case." *Cherry*, 186 F.3d at 449. However, in *Cherry* the Fourth Circuit recognized that the excessiveness of a claim for costs is a factor justifying the denial of costs to the prevailing party. *Id.*, at 446. Here, both the length of the deposition[1] and the amount charged by defendants' reporter are unreasonable. Defendant's counsel submitted bills in the amount of $2,456.54 for court reporters and transcripts. *See* Defs.' Ex. B. These bills are not in line with the usual and customary rate for court reporters. For plaintiff's deposition, defendant paid $4.85 per page for expedited delivery of January 4, 2003 deposition (plus

---

[1] Defendants deposed Mr. Shield for two days: January 4, 2003, and January 18, 2003 which resulted in 406 pages of transcript over two days, including $200 for a Saturday appearance. Interestingly, although it was the same court reporting firm, and both depositions occurred on Saturdays, only one of the depositions incurred the $200 charge for a Saturday appearance.

$42.18 for delivery). Even the $3.60 per page charged for the second day of depositions is excessive. Plaintiff's counsel routinely pays $2.95 per page for deposition transcripts. Certainly plaintiff should not be penalized for defendants' inability to find a court reporter with more reasonable rates. As far as the charges for $42.18 and $32.21 for shipping, given that Federal Express Corporation is in the business of shipping, it seem excessive that they should charge themselves $74.39 to deliver two packages.

### 3. Photocopies.

The statute does allow for the taxation of Exemplification and Copy Fees. *See* 28 U.S.C. § 1920(4); *Wyne v. Medo Industries, Inc.,* 329 F.Supp.2d at 590-91. However, the award must be limited to the expense of copying materials reasonably necessary for use at trial. Copies obtained merely for the convenience of counsel are ordinarily not allowed. *Id.* Here defendants have made no effort to distinguish which costs were necessary for use in the case and which were obtained for the convenience of counsel. *See* Defs.' Ex. C. Thus, defendant provides no explanation for its $595.73 claim for copying expenses. Given the fact that a majority of the pleadings in this case were electronically served and filed, it is difficult to imagine how defendant could have incurred expenses for more than 500 pages, which at a rate of $.10 per page -- although defendants don't specify a rate per page -- would result in an expense of $50 - less than one tenth of the amount claimed by defendant.

### CONCLUSION

For the foregoing reasons, plaintiff respectfully submits that defendant's bill of costs is not reasonable in numerous aspects and should either be denied in whole or, in the alternative, reduced to reflect the realistic cost of litigating this case.

       Respectfully submitted,

       _____
       Richard L. Swick
       SWICK & SHAPIRO, P.C.
       1225 Eye Street, N.W.
       Suite 1290
       Washington, DC 20005
       Tel (202)842-0300
       Fax (202)842-1418
       rlswick@swickandshapiro.com

       Attorney for Appellant