IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MICHAEL SHIELDS,<br>          Plaintiff | *<br><br>* |
| v. | CIVIL ACTION NO. MJG-02-1783 |
| | * |
| FEDERAL EXPRESS CORP., et al.,<br>          Defendants | *<br> |

******

## **O R D E R**

On June 23, 2003, judgment was entered in favor of Defendants and against Plaintiff. Paper Nos. 30 and 31. Plaintiff filed a Notice of Appeal on July 15, 2003 (*see* Paper No. 32), and the Court of Appeals affirmed the judgment of this Court, with the mandate issuing on February 11, 2005. Paper Nos. 34 and 35.

On February 22, 2005, Defendants submitted a Bill of Costs (*see* Paper No. 37). The Bill of Costs has been opposed by Plaintiff. Paper No. 38. The Bill of Costs must be denied in its entirety as untimely filed.

Local Rule 109.1.a (D. Md. 2004) provides that a Bill of Costs **shall** be filed within fourteen days of the entry of a judgment or the entry of an order denying a motion filed under Federal Rules of Civil Procedure 50(b), 52(b) or 59.[1]  (Emphasis added). Non-compliance with these time limits is

---

[1] A bill of costs for those costs incurred in connection with an appeal which the district court is authorized to tax must be filed within fourteen days of the issuance of the mandate. Local Rule 109.1.a. Those costs are limited to transcripts of court proceedings prepared in connection with the appeal, the appeal filing fee, the costs of preparing and transmitting the record, and the costs associated with any required bond. Local Rule 39(c) (4th Cir. 2005). Clearly most of the costs sought by Defendants were ones incurred in connection with the district court proceedings, not the appeal, since they were incurred while the case was pending in this court. Three of the invoices for copywork which total $76.80 are dated after the appeal was filed. However, Defendants have not specified what they were for and it

deemed a waiver of costs. Defendants have failed to comply with the time limits set forth in Local Rule 109.1.a. Accordingly, Defendants' request for costs must be denied. *White v. New Hampshire Dep't of Employment Security*, 455 U.S. 445, 454 (1982) (district courts are free to adopt local rules establishing standards for the timely filing of requests for costs).

| | |
|---|---|
|  June 17, 2005 |       /s/ |
| Date | Frances E. Kessler |
| | Deputy Clerk for: |
| | Felicia C. Cannon, Clerk |

---

cannot be assumed that they related to the preparation and transmission of the record.